# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-10071
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS IVAN ARANDA-LUNA,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-243-1

————————————

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Ivan Aranda-Luna pleaded guilty to illegal reentry into the United States and was sentenced within the advisory guidelines range to 39 months of imprisonment and one year of supervised release. In his only argument on appeal, he asserts that because the indictment did not allege that he had a prior felony conviction, his sentence exceeded the two-year statutory maximum sentence set forth in 8 U.S.C. § 1326(a) and violated his due process rights. He

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10071

concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but states that he seeks to preserve it for possible future review because recent decisions indicate that the Supreme Court may reconsider the issue. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The Government has filed a motion for summary affirmance, or alternatively, for an extension of time to file a brief. Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162-63 (5th Cir. 1969).

As Aranda-Luna concedes, his due process argument is foreclosed by *Almendarez-Torres*. The Supreme Court's subsequent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne* did not overrule *Almendarez-Torres*. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.